UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>FRANK J. GOMEZ,<br><br>    Defendant. | Case No. CR05-5546FDB<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT |

Before the Court is the motion of Defendant Frank J. Gomez to dismiss with prejudice the superseding indictment in this case. Defendant is charged with being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). Defendant contends that his three prior convictions do not qualify as predicate offenses under § 922(g)(1) because he did not receive sentences in excess of one year.

I.

This Court has previously addressed and rejected, in <u>United States v. Henderson</u>, No. CR05-5159FDB, the same argument that Defendant is making here. Although the same issue is now before the Ninth Circuit in <u>United States v. Murillo</u>, No. 04-30508 (9th Cir.), unless the Ninth Circuit issues

ORDER - 1

a contrary decision in that case, the Court finds no reason to depart from its analysis in <u>Henderson</u>.[1]

Defendant's claims here are rejected for the same reason the Court rejected Henderson's claims. The crimes of which Defendant Gomez was previously convicted had statutory maximum penalties in excess of one year. Therefore, under the plain meaning of 18 U.S.C. § 922(g)(1), each crime was "punishable by a term exceeding one year." In addition, Defendant's claims are rejected due to the equal protection problems that will arise between defendants convicted of predicate felonies in different states with differing sentencing regimes.

ACCORDINGLY,

IT IS ORDERED:

(1) Defendant's motion to dismiss indictment (Dkt.#23) is **DENIED**.

DATED this <u>13th</u> day of September, 2005.

/s/ Franklin D. Burgess

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

---

[1] Prior to the signing of this Order, the Ninth Circuit issued its decision in <u>Murillo</u>, holding that "the maximum sentence that makes a prior conviction under state law a predicate offense remains, after <u>Blakely</u>, the potential maximum sentence defined by the applicable state criminal statute, not the maximum sentence which could have been imposed against the particular defendant for his commission of that crime according to the state's sentencing guidelines."

ORDER - 2